# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC L. BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1543 (CRC) |
| | ) | |
| | ) | |
| PATRICK R. DONOHOE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Erik Bullock is a former letter carrier in the District of Columbia who was fired in May 2010 on the grounds that he lied about his absence from work while he was incarcerated. Bullock alleges, however, that he was "targeted for removal by [his] supervisors" after he broke his left ankle in June 2000 because he "could no longer deliver [his] route in the timely manner that was expected of [him]." Compl. at 3. Proceeding *pro se*, Bullock sues the Postmaster General of the United States Postal Service for discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, which prohibits federal employers from discriminating on the basis of disability and retaliating against individuals for exercising rights under the Act.[1]

---

[1] "The Rehabilitation Act, 29 U.S.C. § 701 *et seq.* requires a federal employer or an employer who receives federal funding to comply with the standards set forth in the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*," which includes an anti-retaliation provision. *Kendall v. Donahoe*, 913 F. Supp. 2d 186, 190-91 (W.D.Pa. 2012) (quoting 42 U.S.C. § 12203(a)) (other citations omitted).

Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the sole basis that the complaint is untimely filed. Def.'s Mot. to Dismiss [Dkt. # 9]. For the following reasons, the motion will be granted in part and denied in part.

## I. BACKGROUND

While employed by the Postal Service, Bullock was incarcerated from October 23, 2009 to December 14, 2009. He alleges that he informed his supervisor of his status during a "very short" telephone call from prison in November 2009.[2] Compl. at 3. Plaintiff was fired by notice dated May 10, 2010, for "unacceptable conduct and unacceptable attendance/AWOL," based on what were found to be false reasons Bullock had provided for his absence and Bullock's submission of fraudulent medical documentation. Compl. Attach., ECF pp. 7-11 (EEOC Decision at 1-3); Def.'s Mot., Ex. 2 (NALC/USPS Step B Decision).

Bullock's union, the National Association of Letter Carriers (NALC), pursued a grievance and Bullock filed an EEO charge. NALC resolved the grievance on July 12, 2010, at Step B of the dispute resolution process upon "concur[ring] that Management did have Just Cause to remove [plaintiff] from the USPS." Step. B Dec. at 3. The EEOC rendered its final adverse decision on May 9, 2013, and informed plaintiff

---

[2]    The administrative record contradicts plaintiff's allegation. During EEO proceedings, plaintiff's supervisor stated that during the call, plaintiff requested sick leave for an extended absence; the supervisor referred the matter to the Agency's Office of Inspector General upon surmising from the background noise during the call that plaintiff was incarcerated. Compl. Attach., ECF pp. 21 -30 (Admin. Judge's Summ. Dec. at 3). The Administrative Judge found: "There is no reasonable way to accept the [plaintiff's] word that he told [his supervisor] he was incarcerated, and that he had no knowledge of the fraudulent doctor's statements. There is too much evidence contrary to his assertions." Dec. at 9.

about his right to file a civil lawsuit within 90 days of his receipt of the decision.  *See* EEOC Dec. at 4.

The Clerk of Court first received Bullock's complaint and application to proceed *in forma pauperis* on August 29, 2013, *see* Compl. Attach, ECF pp. 199, 200 (Clerk's stamps), but scratched out that date apparently because the submission was defective.  In a form Order dated September 9, 2013, plaintiff was informed that his papers were being returned as non-compliant with the Federal Rules of Civil Procedure and the Local Rules of this Court.  He was further told: "If you wish to file a new case please review the enclosed instructions."  Pl.'s Response to Mot. to Dismiss [Dkt. # 11] at ECF p. 23.  This action was formally filed on October 8, 2013, upon the Court's granting of plaintiff's *in forma pauperis* application dated September 19, 2013.  *See* Dkt. # 2.

## II.  LEGAL STANDARD

In deciding the defendant's motion to dismiss under Rule 12(b)(6), the Court may consider the documents attached to the complaint and those incorporated by reference without triggering the conversion requirement of  Fed. R. Civ. P. 12(d). *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).  The Court may also consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  *Ward v. D.C. Dep't of Youth Rehab.Servs.*, 68 F. Supp. 2d 117, 119-20 (D.D.C. 2011) (citations and internal quotation marks omitted).

# III. ANALYSIS

As part of his opposition, Bullock has produced a postage receipt purporting to show the Clerk of Court's receipt of a mailing on July 30, 2013. Defendant acknowledges the receipt might render the Rehabilitation Act claim timely, but questions its authenticity in light of (1) discrepancies between the date of the receipt and the date of his complaint, and (2) findings that Bullock submitted fraudulent documents to the Postal Service in the past, which factored into his dismissal. Nevertheless, defendant requests that the pending motion be either denied in part without prejudice or held in abeyance so that the parties may conduct discovery on the timeliness of the Rehabilitation Act claim. *See* Def.'s Reply to Pl.'s Resp. in Opp'n to Mot. to Dismiss at 1-2; *see also Legille v. Dann*, 544 F.2d 1 (D.C. Cir. 1976) (proof of mailing documents to the court creates rebuttable presumption of timely delivery).

Defendant also contends that, to the extent plaintiff is alleging that his union breached its duty of fair representation, this claim should be dismissed now as untimely under the six-month statute of limitations applicable to hybrid claims brought under Section 301 of the Labor Management Relations Act. *See* Mem. of P. & A. in Support of Def.'s Mot. to Dismiss at 1-2, 11-14; Def.'s Reply at 3-5; *see also Cephas v. MVM, Inc.*, 520 F.3d 480, 485 (D.C. Cir. 2008) ("The employee may bring his [hybrid § 301/fair representation] action against the employer, the union, or both[.]") (citing *DelCostello v. Int'l Broth of Teamsters*, 462 U.S. 151, 165 (1983)).

The breach of a union's duty of fair representation is an unfair labor practice that "is governed by the six-month [limitations] provision of § 10(b)" of the National Labor Relations Act. *DelCostello*, 462 U.S. at 172. *Accord George v. Local Union*

*No. 639, Intern. Broth. of Teamsters*, 100 F.3d 1008, 1014 (D.C. Cir. 1996) (affirming district court's application of "the six-month statute of limitations of section 10(b) to . . . duty of fair representation claims"). Plaintiff's claim arose in July 2010 when the union issued its Step B Decision finding just cause for his removal. It is not at all clear from the complaint's allegations that plaintiff is bringing a hybrid claim but the Court agrees that any such claim presented three years after accrual is time-barred.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** as to any duty of fair representation claim and **DENIED** as to the Rehabilitation Act claim; and it is further

**ORDERED** that limited discovery on the timeliness of the Rehabilitation Act claim shall commence immediately and conclude by **December 1, 2014**. Thereafter, defendant shall have until **December 22, 2014**, to file a summary judgment motion, plaintiff shall have until **January 23, 2015**, to file an opposition, and defendant shall have until **February 6, 2015**, to file any reply.


_____s/_____
CHRISTOPHER R. COOPER
DATE:  October 14, 2014               United States District Judge